**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**ROSA J. VASQUEZ,**

      **Plaintiff,**

**vs.**                              **Case No. 4:12cv532-RH/CAS**

**ROBERT M. FOSTER,**

      **Defendant .**

_____/


**ORDER and REPORT AND RECOMMENDATION**

      Plaintiff, proceeding pro se, initiated this civil rights action on October 10, 2012, by filing a complaint, doc. 1, and a motion seeking leave to proceed in forma pauperis, doc. 2.  On October 24, 2012, Plaintiff filed an amended complaint.  Doc. 4.  Good cause having been shown, the in forma pauperis motion, doc. 2, is granted and Plaintiff will not be required to submit the filing fee for this case.

      Plaintiff has named Robert M. Foster as the Defendant, identified by Plaintiff as a circuit court judge from the Fourth Judicial Circuit in and for Nassau County, Florida. Doc. 4 at 2.  Plaintiff alleges that there has been legal malpractice in the case against her daughter.  *Id.* at 3-4.  It is unknown whether or not Plaintiff's daughter is a minor

child,[1] but Plaintiff contends that after she was arrested for domestic violence at an

unspecified time, she was sent to the Florida State Hospital for one year.  *Id.* at 3.

Plaintiff contends that after "one year she was back to jail without a notice."  *Id.*  Plaintiff

claims that the Defendant knew that Plaintiff's "child was found incompetent to proceed"

and she questions why her daughter was sent back to "jail for more than seven seeks."

*Id.*  Plaintiff's claim is that her daughter's civil rights were "violated preventing her

mother" from being able to see her and on the basis that she was sent back to "jail for

seven weeks or more."  *Id.* at 4.

Plaintiff filed this case as a civil rights action brought pursuant to 42 U.S.C.

§ 1983.  Section 1983 imposes liability on one who, "acting under color of state law,

deprives a person of 'any rights, privileges, or immunities secured by the Constitution

and laws.' "  Doe 1-13 By and Through Doe, Sr. 1-13 v. Chiles, 136 F.3d 709, 713

(11th Cir. 1998).  Thus, to obtain relief, a plaintiff must show that he was deprived of a

federal right by a person acting under color of state law.  Patrick v. Floyd Medical

Center, 201 F.3d 1313, 1315 (11th Cir. 2000).  Plaintiff has not alleged the denial of a

federal constitutional right.  Plaintiff has only asserted that "malpractice" was

committed.  Indeed, Plaintiff does not even provide allegations which demonstrate how

the named Defendant committed malpractice.  Plaintiff has also failed to allege a

constitutional claim because under Florida law, legal malpractice is a personal tort

claim.  National Union Fire Ins. Co. v. Salter, 717 So.2d 141, 142 (Fla. 5th DCA 1998).

---

[1] If Plaintiff's daughter is not a minor child, then Plaintiff may not bring this action on behalf of her daughter absent allegations that Plaintiff is the legal guardian of her daughter.  There is no need to delay consideration of this case, however, to determine whether or not Plaintiff may bring this case on behalf of her daughter.  There is no legal basis for this case and it should be summarily dismissed.

Moreover, in a legal malpractice action, a plaintiff "must prove: (1) the employment of the attorney; (2) the lawyer's neglect of a reasonable duty; and (3) that the attorney's negligence was the proximate cause of loss to the client." Lenahan v. Russell L. Forkey, P.A., 702 So.2d 610, 611 (Fla. 4th DCA 1997). Plaintiff provides no allegations indicating that she hired an attorney and Judge Foster did not have a legal relationship with Plaintiff such that any duty was owed.

Moreover, even if Plaintiff has presented any allegations of wrong-doing by Judge Foster, which she has not, Plaintiff may not name a circuit court judge[2] as a defendant in a civil rights action. A judge is entitled to absolute immunity for damages under Section 1983 unless he acts in the "clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 355-357, 98 S. Ct. 1099, 1104-05, 55 L. Ed.2d 331 (1978); Harris v. Deveaux, 780 F.2d 911, 914 (11th Cir. 1986). The absence of jurisdiction does not mean in excess of authority, rather it is when the acts of the judge are purely private non-judicial. Henzel v. Gerstein, 608 F.2d 654, 658 (5th Cir. 1980). It appears from Plaintiff's allegations that Judge Foster was the presiding judge over the case against Plaintiff's daughter. Thus, Judge Foster acted in his capacity as a judge and he is immune from suit. This case must be summarily dismissed.

Accordingly, it is **ORDERED** that Plaintiff's in forma pauperis motion, doc. 2,be **GRANTED** and the Clerk shall file this case without requiring payment of the filing fee.

---

[2] It does not go unnoticed that this case should likely have been filed in the Middle District of Florida considering that the Defendant is not located within the Northern District of Florida. However, there is no need to transfer this case because it clearly lacks merit.

Case No. 4:12cv532-RH/CAS

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 4, be **DISMISSED** for failure to state a claim upon which relief may be granted and because the Defendant is entitled to absolute immunity.

**IN CHAMBERS** at Tallahassee, Florida, on November 2, 2012.


S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**